**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**COMMONWEALTH OF PENNSYLVANIA :
By Attorney General Josh Shapiro,**         **:**
                                             **:**
        **Plaintiff,**                       **:**
                                             **:**          **CIVIL ACTION**
        **v.**                               **:**
                                             **:**          **NO. 19-2104**
**DOMINION MANAGEMENT OF**                   **:**
**DELAWARE, INC., d/b/a CASHPOINT,**         **:**
**et al.,**                                  **:**
                                             **:**
        **Defendants.**                      **:**

<u>**ORDER**</u>

**AND NOW**, this _16th_ day of April, 2020, upon consideration of Plaintiff's Petition to

Remand to State Court (ECF No. 5), Defendants' Response in Opposition (ECF No. 6), and

Plaintiff's Reply thereto (ECF No. 7), **IT IS HEREBY ORDERED AND DECREED** that the

above-captioned matter is **REMANDED** to the Court of Common Pleas, Philadelphia County.[i]

The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

                                        **BY THE COURT:**

                                        **/s/ Petrese B. Tucker**
                                        _____
                                        **Hon. Petrese B. Tucker, U.S.D.J.**

_____

[i]

## I.   BACKGROUND

On October 31, 2018, the Commonwealth of Pennsylvania ("Plaintiff") filed a Complaint

against Dominion Management of Delaware, Inc., Dominion Management Services, Inc.,

Michael Lester, and Kevin Williams (collectively, "Defendants") in the Court of Common Pleas

for Philadelphia County.  Mem. Supp. Mot. Remand 1, ECF No. 5-1.  Michael Lester and Kevin

Williams were, respectively, the President and Vice-President of Dominion Management of

Delaware, Inc.  Notice of Removal Ex. A, 6, ECF No. 1-4.  The Commonwealth's Complaint

alleged that Defendants violated three Pennsylvania laws—the Unfair Trade Practices and

Consumer Protection Law, the Corrupt Organizations Act, and the Loan Interest and Protection

Law.  Mem. Supp. Mot. Remand 2.  Specifically, Plaintiff alleges that Defendants:

> "engaged in practices that have harmed thousands of Pennsylvania
> borrowers by (1) collecting interest on motor vehicle title loans
> that is orders of magnitude higher than the Commonwealth's
> maximum legal interest rate, (2) encumber the titles of thousands
> of motor vehicles by placing unlawful liens on their titles with the
> Pennsylvania Department of Transportation, which in most cases
> blocks borrowers from selling their vehicles, and (3) repossessing
> and selling the motor vehicle loans owned by borrowers who could
> not keep up with the usurious interest payment on their illegal title
> loans."

Mem. Supp. Mot. Remand 2–3.

Defendants Michael Lester and Kevin Williams filed preliminary objections to the

Complaint which were sustained by the Court of Common Pleas.  Mem. Supp. Mot. Remand, 2.

As a result, Plaintiff filed an Amended Complaint on April 23, 2019.  Mem. Supp. Mot. Remand,

2.  On May 13, 2019, Defendants removed the case to this Court, claiming that the Court had

diversity jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.  Notice of Removal, ¶¶ 11–26.

Defendants claimed that even though the Commonwealth of Pennsylvania was the named

Plaintiff, the 3,200 Pennsylvania residents for whom the Commonwealth sought restitution were

the real parties in interest.  Notice of Removal ¶ 12.  Defendants also claimed that the Court had

federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the suit raises issues of

interstate commerce and "runs afoul of the Commerce Clause."  Notice of Removal ¶ 25.

On June 12, 2019, Plaintiff filed a Motion to Remand.  *See* Mot. Remand, ECF No. 5. Defendants filed a Response in Opposition to the Motion to Remand on June 26, 2020.  Defs. Resp. Opp'n Mot. Remand, ECF No. 6.  Plaintiff then filed a Reply in Support of its Motion to Remand on July 8, 2019.  Pl. Reply Supp. Mot. Remand, ECF No. 7.  Upon consideration of the arguments made by the Parties, the Court **REMANDS** this case to the Court of Common Pleas for Philadelphia.  The Court will first discuss Defendants' claim that diversity jurisdiction exists before analyzing the existence of federal question jurisdiction.

## II.  ANALYSIS

According to Third Circuit precedent, the removal statute, 28 U.S.C § 1441, should be strictly construed and all doubts should be resolved in favor of remand.  *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).  The Court reviews this Motion to Remand with the *Johnson* standard in mind.

### A.  Diversity Jurisdiction

Defendants claim that the Court has jurisdiction over this matter because it satisfies the requirements for diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal ¶¶ 11–20, ECF No. 1.  Defendants claim that the amount in controversy exceeds the statutory minimum of $75,000.  Notice of Removal ¶ 20.  Defendants also claim that, despite the Commonwealth of Pennsylvania being named as the Plaintiff, the real parties in interest are an estimated 3,200 Pennsylvania residents who conducted business with Dominion.  Notice of Removal ¶ 12. Plaintiff disagrees, arguing that the Commonwealth is the real party in interest.  Mem. Supp. Mot. Remand 6, ECF No. 5-1.

To determine whether diversity jurisdiction exists, the Court must look behind the pleadings to decipher the real party in interest from the essential nature and effect of the proceeding. *Miss. ex. rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A finding that a state is a real party in interest will destroy complete diversity since a state is not citizen of any state for purposes of establishing jurisdiction. *Miss. ex. rel. Hood*, 571 U.S. at 174; 28 U.S.C. § 1332. Defendants argue that the Commonwealth brings this action to recover restitution on behalf of its 3,200 residents. Defs. Mem. Opp'n Mot. Remand 5, ECF No. 6-1. The Court disagrees. In addition to seeking restitution for the individual victims, Plaintiff seeks permanent injunctive relief, civil penalties, disgorgement and costs. *See* Am. Complaint 16–17, ECF No. 1-4.

The Court finds that the Commonwealth has a sufficient interest in the litigation, independent from recovering restitution for its citizens, to be considered the real party in interest. The Ninth Circuit's reasoning in *Nevada v. Bank of America*, 672 F.3d 661 (9th Cir. 2012) is persuasive in both articulating the Commonwealth's interest in this litigation and distinguishing this case from *Department of Fair Employment and Housing v. Lucent Technologies, Inc.*, 642 F.3d 728 (9th Cir. 2011), which Defendants cite in opposing Plaintiff's Motion for Remand. In *Nevada*, the State Attorney General filed suit seeking to vindicate and protect the rights of hundreds of thousands of homeowners in the state. *Nevada*, 672 F. 3d at 671. The Ninth Circuit held that Nevada had a sovereign interest in protecting its citizens and economy from deceptive mortgage practices. *Id*. at 671. Further, the Court held that this interest was "not diminished merely because it has tacked on a claim for restitution." *Id*. Similarly, in this action, Pennsylvania's Attorney General seeks to protect the rights of thousands of Pennsylvania consumers. The difference in the scale of the alleged fraud between *Nevada* and the case before

4

the Court is not consequential.  The Commonwealth of Pennsylvania has a substantial state

interest separate and distinct from the restitution sought for individuals because frauds like the

one alleged in the Complaint impact the Commonwealth's economy.

In addition, the Court finds *Lucent* to be distinguishable from this case.  In *Lucent*, the

California Department of Fair Employment and Housing sued to vindicate the rights of a single

employee.  642 F.3d at 734–35.  In that case, the Ninth Circuit found that the government's

interest was too general to render the State the real party in interest.  *Id*. at 739.  In reaching that

conclusion, the Ninth Circuit relied, in part, on the California statute at issue, which stated that

"the person claiming to be aggrieved shall be the real party in interest."  *Id*.  Here, however, the

Commonwealth is suing to vindicate the rights of the individual consumers, rectify the loss that

the alleged practices cost the Commonwealth's economy, and deter companies from engaging in

conduct similar to that alleged in the Complaint.

Defendants also cite the United States Supreme Court case *Missouri, Kansas, & Texas*

*Railway Company v. H.W. Hickman*, to support their proposition that an interest in the "general

welfare of its citizens or compliance with its laws" is not sufficient to make a state a real party in

interest.  183 U.S. 53 (1901); Defs. Mem. Opp'n Mot. Remand 4.  In that case, a state-created

railway board, not the state's Attorney General, was statutorily charged with enforcing the

railroad regulations and therefore, the named plaintiff.  *Missouri*, 183 U.S. at 54–58.  Here, the

Commonwealth is the sole named Plaintiff.  Further, the Attorney General is specifically charged

with enforcing Pennsylvania's Unfair Trade Practices and Consumer Protection Law.  73 P.S. §

201-8.  Though perhaps not dispositive, the Attorney General, not a separate board, being

statutorily charged with the enforcement of the Commonwealth's Consumer Protection Law

indicates that the Commonwealth itself has an interest in litigation aimed at protecting its

consumers.  Therefore, the Court does not find the Supreme Court's holding in *Missouri* to be decisive in this case since the facts are distinguishable and the statutory structure implies that the Commonwealth here has a greater interest in the litigation than the state did in *Missouri*.

In addition, Defendants cite *In re Avandia Mktg., Sales Practices and Prod. Liab. Lit.*, to support their contention that the Commonwealth is not the real party in interest since parties other than the Commonwealth would benefit from the litigation.  238 F. Supp. 3d 723 (E.D. Pa. 2017).  In that case, Santa Clara County, California filed suit in federal district court against GlaxoSmithKline alleging violations of California's Business and Professions Code.  *Id*. at 725. The case was consolidated in a multidistrict litigation for pretrial proceedings and then transferred back to the Northern District of California.  *Id*.  Five years after the litigation began, the Plaintiff filed a motion to dismiss arguing that the State of California was the real party in interest and therefore, the court did not have subject matter jurisdiction because there was not complete diversity of parties.  *Id*. at 724–25.  The Court also finds that case distinguishable. Santa Clara County, a citizen of California, was the named plaintiff in that litigation.  In addition, that case was originally filed in federal court.  Further, *Avandia* was decided in the context of a motion to dismiss.  Judge Rufe specifically disagreed with the Plaintiff's argument in part because the cases it cited were decided within the context of a motion for remand.

> "The rulings in favor of remand in these cases are often based on the principle that a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper.  The removal statute is not a concern in cases where the plaintiff originally sued in federal court by invoking diversity jurisdiction."

*Id*. at 729–30 (internal quotations and citations omitted).  Here, the Court must decide a Motion to Remand.  Therefore, the Court does not find the reasoning from *In re Avandia* to be particularly persuasive.

The Court finds that the Commonwealth is the real party in interest in this suit.  As a result, complete diversity is not present between the parties. The Court therefore does not have jurisdiction pursuant to 28 U.S.C. § 1332.

### B.  Federal Question Jurisdiction

Defendants also claim that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal ¶ 25.  Defendants argue that the suit raises issues of interstate commerce and runs afoul of the Commerce Clause, thereby implicating federal issues, and thus, creating jurisdiction for the Court.  However, it is well-settled that "the presence of federal question jurisdiction turns on the 'well-pleaded complaint rule,' which dictates that federal jurisdiction lies only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Bracken v. Matgouranis*, 296 F.3d 160, 163–64 (3d Cir. 2002).  Plaintiff's complaint here only states causes of actions that arise under Pennsylvania law.  The United States Supreme Court also makes clear that federal question jurisdiction does not arise when a defense would raise, or be invalidated by, a provision of the United States Constitution. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Any federal question that may be raised in this litigation only presents itself in the context of a defense.  As a result, the Court finds that the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

### III.  CONCLUSION

The Court finds that the Commonwealth of Pennsylvania is the real party in interest in this action.  As a result, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1332.  Further, Plaintiff does not raise a federal question in its Complaint and therefore the Court does not have

jurisdiction pursuant to 28 U.S.C. § 1331.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand this action to the Court of Common Pleas of Philadelphia County.